IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE B. TURNER,

                Plaintiff

VS.

HALE EDWARD BURNSIDE, *et al.*,

                Defendants

NO. 5:06-CV-293 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is the defendants' motion to dismiss the instant complaint for failure to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"). Tab #19. Plaintiff WILLIE B. TURNER has filed two responses to the defendants' motion (Tabs #22 and #24), and the defendants have replied (Tab #23).

The PLRA requires that prisoners wishing to bring suits pursuant to §1983 based on conditions of confinement must exhaust all available administrative remedies prior to filing a federal action.[1] The plaintiff claims that he submitted a grievance but that the warden at the prison destroyed the grievance in the plaintiff's presence before it was ever sent to the appropriate authorities. In support of this contention, the plaintiff has provided a statement/affidavit. Tab #22, Exhibit B.

The defendants have provided the affidavit of Margie Spear, which details the grievance process that was available to the plaintiff and shows that there is no record of any grievance having been filed. If the plaintiff's contentions are true, though, there would be no record because the grievance he claims to have filed was destroyed before it reached the appropriate authorities.

---

[1]    *No action shall be brought with respect to prison conditions under
1983 of this title, or any other Federal law by a prisoner confined
in a jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.*
42 U.S.C. §1997e(a)

In any case, the plaintiff does not claim to have (1) filed an additional grievance (formal or informal); (2) sought an appeal of the warden's destroying his grievance, which could be construed as a denial of the grievance; or (3) sought leave to file an additional and/or out-of-time grievance. *See* **Harper v. Jenkin**, 179 F.3d 1311, 1312 (*per curiam*) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Because the plaintiff did not take any of these steps, IT IS RECOMMENDED that the defendants' Motion to Dismiss be **GRANTED** and that this case be dismissed *without prejudice*.[2] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 21st day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned is mindful that the plaintiff's claims **may** now be barred by a statute of limitations and that a denial without prejudice of a claim that is barred by such a statute can be, in effect, a dismissal with prejudice. However, because the plaintiff has failed to exhaust his administrative remedies, this case is not properly before the court.