# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WILLIE B. TURNER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:06-cv-293 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| HALE EDWARD BURNSIDE ET AL., | : | |
| | : | |
| Defendants. | | |

### *ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 26] that the above-captioned case be dismissed for Plaintiff's failure to exhaust administrative remedies. Plaintiff filed an Objection to the Recommendation [Doc.27]. Having considered Plaintiff's objections and having investigated the matter *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge that this case should be dismissed. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In his Objection, Plaintiff contends that the Magistrate Judge did not consider "that the Plaintiff was threatened with not seeing his family again while in prison if he pursued a grievance, nor did the Report and Recommendation consider that the filing of the informal grievance was all that was required under the Standard Operating Procedure so that no further grievances were required beyond the informal grievance concerning staff abuse which should have gone directly to Internal Affairs for investigation." (Pl's Objections to the Magistrate

Judge's Report and Recommendation, p. 2, Doc. 27.)[1]

Threats to inmates regarding filing grievances does not make an administrative remedy "unavailable." In a recent unpublished opinion, the Eleventh Circuit held that the exhaustion requirement is not excused merely because a plaintiff alleges that he was threatened with being beaten if he complained. Garcia v. Glover, 197 Fed. Appx. 866, 868 (11th Cir. 2006) (dismissing inmate's complaint for failure to exhaust administrative remedies despite his fear that prison officials would have "killed" him or "shipped" him out if they learned he had filed a formal administrative complaint against him.). Thus, the fact Plaintiff was threatened with not seeing his family if he filed a grievance does not make an administrative remedy "unavailable."

Furthermore, even assuming Plaintiff is correct that under the Standard Operating Procedure Plaintiff was only required to file an informal grievance regarding the alleged physical abuse, Plaintiff still failed to exhaust his administrative remedies. As stated by the Magistrate Judge, Plaintiff "does not claim to have (1) filed an additional grievance (formal or informal); (2) sought an appeal of the warden's destroying his grievance, which could be construed as a denial of the grievance; or (3) sought leave to file an additional and/or out-of-time grievance." (Report and Recommendation, p. 2, Doc. 26) (citing Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). Thus, this Court accepts the Report and Recommendation of the United States Magistrate Judge.

**SO ORDERED**, this 27th day of September, 2007.

---

[1] Plaintiff also contends that the Magistrate Judge did not consider Plaintiff's allegation that his grievance was torn up by Warden Meadows to cover up the electrocution of Plaintiff and thus intentionally thwarted and not processed through the grievance procedure. However, this contention is specifically addressed in the Report and Recommendation, and this Court agrees with the Magistrate Judge's conclusion.

S/ C. Ashley Royal
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE

SSH