IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE B. TURNER,

                Plaintiff

     VS.

HALE EDWARD BURNSIDE, *et al.*,

                Defendants

NO.  5:06-CV-293 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

The above-captioned 42 U.S.C. §1983 action is before the court on remand from the Eleventh Circuit Court of Appeals.  Previously, the undersigned entered a Recommendation (Tab #26) to grant the defendants' motion seeking dismissal (Tab #19) on the basis that plaintiff Turner had failed to exhaust his administrative remedies prior to filing the instant action.   The basis for this Recommendation was the undersigned's conclusion that, even accepting everything the plaintiff alleged with regard to exhaustion as true, it was clear that the plaintiff had not availed himself of all available administrative remedies as is required to fully exhaust  claims using the administrative grievance procedure then in place at the prison.  This Recommendation was subsequently adopted by the district judge (Tab #28) and Judgment was entered (Tab #29).  Thereafter, plaintiff  Turner filed a Notice of Appeal.  Tab #31.

On appeal, the Eleventh Circuit concluded that this court had used the appropriate procedure in evaluating the exhaustion issue and that, under that procedure,  plaintiff Turner had not, in fact, taken all *possible* steps to exhaust his claims on the administrative level.  That said, the appellate court next adopted the Second and Seventh Circuit's position that the possibility or actual threat of retaliation against inmates by prison officials for seeking administrative remedies can, under certain circumstances, make administrative remedies unavailable to an inmate.  To wit, the Eleventh Circuit concluded that:

> A prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy "unavailable," and thus lift the exhaustion requirement as to the affected part of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008).

Following their adoption of this standard, the Eleventh Circuit directed that the Judgment in this case be vacated and the matter remanded to this court for fact finding about, *inter alia*, plaintiff Turner's allegations that WARDEN Meadows tore up his grievance and threatened to "transfer [him] so far south that [he] would never be able to see [his] family again till [he] got out of the Georgia Prison System." The Eleventh Circuit further directed this court, upon completion of fact finding, to apply the newly adopted standard to the facts.

### DEFENDANT'S MOTION TO DISMISS

Following the court's receipt of the Eleventh Circuit's order of remand (Tab #37), the defendants filed another [second] motion seeking dismissal (Tab #39). Therein, just as in their initial motion to dismiss, the defendants argue that plaintiff Turner failed to exhaust his available administrative remedies and, as such, is not properly before the court. In addition, and with regard to defendants Meadows, Hinkle, and Tighe, the defendants argue that the plaintiff has failed to sufficiently state a deliberate indifference claim against them and, as such, the court should dismiss them from this action.

In response, and with regard to the defendants' repeated assertion that administrative remedies have not been exhausted, plaintiff Turner, referring to relevant portions of the Eleventh Circuit opinion , asserts that he did exhaust all the administrative remedies which were available to him and, as such, is properly before the court. Tab #41. With respect to the defendants' failure to state a claim argument, plaintiff avers that he has comported with the notice pleading requirement of Rule 12 of the Federal Rules of Civil Procedure in stating his claims against all of the defendants.

## **Discussion**

Compliance with the explicit directions of the Eleventh Circuit requires further consideration of the defendants' initial motion seeking dismissal (Tab #19).  However, the arguments in support of both of the defendants' two motions seeking dismissal are substantially the same with regard to the exhaustion issue; consideration of the defendants' second motion seeking dismissal requires the application of the same test to facts found by the court from essentially the same allegations as in the first motion.  An analysis of, and a recommendation on, the second motion seeking dismissal would appear to satisfy both the directions of the Eleventh Circuit as well as the undersigned's responsibility to provide the district judge with a recommendation on the second motion seeking dismissal.  It is upon this conclusion that the undersigned will proceed.

### Defendants Meadows, Hinkle, and Tighe

At the outset, and in the interest of judicial efficiency, the undersigned will first address the defendants' failure to state a claim argument.  In their motion, the defendants aver that, as against defendants Meadows, Hinkle, and Tighe, plaintiff Turner has failed to allege any acts of wrongdoing.  This statement is not entirely correct.  In his pleadings, plaintiff Turner alleges that defendant Hinkle was physically present during the plaintiff's alleged electrocution and was deliberately indifferent by failing to prevent the electrocution or render aid during or after said electrocution.  With regard to defendant Tighe, a prison maintenance supervisor, plaintiff alleges deliberate indifference on the basis that Tighe failed to repair or remove from service the malfunctioning oven prior to the plaintiff's electrocution.  Finally, and with respect to defendant Meadows, plaintiff Turner contends that the assertion that Meadow's  destroyed  his  grievance and threatened to transfer him are sufficient to state a claim.

In the case of Tighe and Meadows, the defendants' contention that plaintiff Turner has failed to sufficiently state a claim appears to be correct. Taking into account all of the plaintiff's allegations, he has failed to sufficiently allege the level of personal involvement in the kitchen incident complained of which is needed to establish that defendant Tighe was subjectively aware of and failed to reasonably respond to a substantial risk of serious harm. See *Farmer v. Brennan*, 511 U.S. 825 (1994). At best, plaintiff complaint against defendant Tighe sounds in negligence; negligence does not form the basis for recovery under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 88 L. Ed.2d 662, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986). As such, it appears that defendant Tighe should be dismissed from this action. IT IS SO RECOMMENDED.

As for defendant Meadows, the plaintiff's claims against him are, in essence, an access to the courts claim which, while tangentially related, occurred separately from and sometime after the kitchen incident. As such, the plaintiff's claims against defendant Meadows are not sufficiently related to the subject matter of the instant suit. Accordingly, defendant Meadows should also be dismissed from this action. IT IS SO RECOMMENDED.

As for defendant Hinkle, plaintiff Turner's claims, if proven, would appear to sufficiently inculpate Hinkle's participation in the plaintiff's electrocution claims. That is, if, as the plaintiff claims, Hinkle was present during, and was subjectively aware of the substantial risk involved in, plaintiff's contact with the malfunctioning oven and failed to take any reasonable steps to prevent plaintiff's contact with the oven or to render aid during or immediately after the alleged electrocution, he could properly be found liable therefor. As such, it appears to the undersigned that Hinkle is a proper party defendant and should remain in this case for further factual development.

## Failure to Exhaust Claim

As noted above, the primary argument of the defendants in their motions seeking dismissal is their assertion that plaintiff Turner failed to properly exhaust his available administrative remedies prior to filing the instant action. Having carefully reviewed the arguments presented by the parties, and in light of the opinion of the Eleventh Circuit, it appears that the determination of this issue relies almost entirely upon the court's findings of fact as to plaintiff's allegations of a torn up

grievance and a threat of transfer. Realizing, however, that a statement of the court's findings only upon these contested issues would not sufficiently explain the undersigned's analysis, a more comprehensive review of the undersigned's decision is in order.

As has been noted by the Eleventh Circuit, when the issue of failure to exhaust is raised by a defendant in the context of an inmate's 42 U.S.C. §1983 action, it is to be treated as a matter in abatement. See *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008). That is, the issue, while properly considered a foundation for a motion to dismiss, is to be resolved by the court using procedures and standards not unlike those employed in deciding motions for summary judgment. *Id.* Moreover, and in large part because a determination of exhaustion rarely, if ever, reaches the merits of the case, the court is empowered to make such findings of fact as are needed.

In view of the above, and as was outlined in the Eleventh Circuit's opinion, there is a two part procedure for determining exhaustion issues. The first step is for the court to review the factual allegations contained in the defendants' motion to dismiss as well as those in the plaintiff's response. In doing so, the court is to accept the plaintiff's version of the facts as true. If, having followed this procedure, it appears that the defendants are entitled to have the matter dismissed for failure to exhaust, the court must do so.

If the action is not subject to dismissal at the first step, the court must make those findings of fact necessary to resolve the exhaustion issue. Once these findings have been made, the court must decide whether the plaintiff has exhausted his available administrative remedies. It should be noted that in the second step of this process, the defendants bear the burden of proving that the plaintiff failed to exhaust his available administrative remedies.

In this case, and in the undersigned's initial review of the issue of exhaustion, the analysis concluded at step one of the aforementioned process. That is, no fact finding was necessary as the undersigned determined that, accepting all of the plaintiff's allegations as true, he had not exhausted his administrative remedies. The rationale for this decision was the observation that the plaintiff could and should have taken additional steps including filing an additional grievance, seeking an appeal of the warden's denial via destruction of his grievance, or seeking permission to file an out of time grievance.

Upon plaintiff's appeal, the defendants raised these and other reasons, but their arguments were found to be without merit. Central to this determination about merit was the Eleventh Circuit's adoption of the position that *threats of retaliation* could, under certain circumstances, make administrative remedies unavailable to an inmate. These conditions include the requirement that the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process and that the threat be one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing a part of the grievance process. Having adopted this position along with its accompanying test, the Eleventh Circuit concluded that further consideration of the exhaustion issue by the district court was needed in this case. Implicit in this decision is the Eleventh Circuit's opinion that the physical destruction of an inmate's grievance followed by a threat of transfer may indeed satisfy the aforementioned test. Accordingly, the undersigned must now proceed to the second part of the above-outlined procedure for determining issues of exhaustion.

In this second step, the court must first determine whether or not the defendants' arguments on the issue of exhaustion and evidence in support thereof are sufficient to overcome those offered by the plaintiff. In this case, plaintiff Turner alleges in a sworn affidavit that he filed a grievance with his counselor. Moreover, he avers that the next time he saw this grievance was when he was confronted by WARDEN Meadows who tore up the grievance and threatened to transfer him to a distant facility such that he would not be able to see his family until he was released, should he pursue the alleged electrocution incident any further.

In response to these averments, the defendants also submitted and relied upon affidavits in making their arguments. These affidavits are intended to support the defendants' position that no grievance was filed and that no threat was ever issued. The former averment relies upon an affidavit certifying that no record of a relevant grievance filed by the plaintiff exists in the prison's computer database. As for the latter averment, the defendants rely upon the affidavit of WARDEN Meadows in which he denies tearing up the plaintiff's grievance and denies issuing any threats.

-6-

Having reviewed the legal and factual arguments and the affidavits of all the parties, and after applying the same test as would be used in deciding a motion for summary judgment as is required under these circumstances, the undersigned is not convinced that the defendants have met their burden with regard to the issue of exhaustion.  As such, and for the limited purpose of recommending a decision on the defendants' pending motion seeking dismissal,  the undersigned accepts the plaintiff's allegations regarding the filing of a grievance, the destruction of the grievance, and the threat of retaliation.  Consequently, the next step is to apply the Eleventh Circuit's newly adopted test of availability.

In deciding whether or not a threat of retaliation has made administrative remedies unavailable, the court must determine whether the relevant facts satisfy two conditions.  As outlined above, these conditions include a determination of whether or not the threat actually deterred the plaintiff inmate from lodging a grievance or pursuing a particular part of the process  and whether or not the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.  At the outset, it should be noted that in the language immediately preceding these two conditions appears the requirement that the prison official's threat must be serious and must threaten substantial retaliation against an inmate for lodging or pursuing in good faith a grievance.  In the instant case, there is nothing to indicate that WARDEN Meadows' threat was not serious.  Moreover, if proven, the plaintiff's allegations of deliberate indifference would certainly form the basis for the plaintiff to lodge and pursue a grievance in good faith.  As such, it would appear that the preliminary requirements have been met.

As to the requirement that the inmate actually be deterred, and despite the defendants' argument that the plaintiff's filing of a lawsuit somehow proves that he was not actually deterred, the undersigned is convinced that the plaintiff was, in fact, deterred from pursuing his *administrative* remedies any further within the Department of Corrections. Insofar as the second condition requires the threat of retaliation to be one which would deter a reasonable inmate of ordinary firmness and fortitude from lodging or pursuing a grievance, it is the opinion of the undersigned that a threat to be transferred to a south Georgia prison too far away to allow visitation with family would indeed deter such an inmate from lodging or pursuing a grievance. Consequently, the undersigned must conclude that the plaintiff has exhausted his available administrative remedies. For this reason, the defendants contention that this action should be dismissed on the basis that the plaintiff failed to exhaust his available administrative remedies must fail.

Accordingly, **IT IS RECOMMENDED** that the defendants' motion to dismiss be **GRANTED** in part and **DENIED** in part in accordance with the foregoing, to-wit: this action shall go forward against defendants Burnside, Ramsey and Hinkle; defendants Tighe and Meadows should be dismissed; defendant Wright has been previously dismissed.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the **RECOMMENDATIONS** herein with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 1st day of SEPTEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

-8-