**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIE B. TURNER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No.: 5:06-cv-293 (CAR)** |
| **v.** | : | |
| | : | |
| **HALE EDWARD BURNSIDE et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

*ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 45] that Defendants' Motion to Dismiss [Doc. 39] be granted in part and denied in part.  Specifically, the Magistrate Judge recommends that Plaintiff's claims against Defendant Tighe and Meadows be dismissed for failure to state a claim and that the claims against Defendants Burnside, Ramsey, and Hinkle be allowed to go forward.  Defendants filed an Objection to the Recommendation. [Doc. 46.]   Upon consideration of the objections of Defendants and a *de novo* review of the record submitted by the parties, this Court agrees with the conclusions of the United States Magistrate Judge.  Accordingly, the Magistrate Judge's Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**.

As more fully set forth by the Magistrate Judge, this case is before the Court on remand from the Eleventh Circuit Court of the Appeals.  On appeal, the Eleventh Circuit adopted the position that "a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance" can, under certain circumstances, "make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement. . . ."  Turner v.

1

Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008).  The Eleventh Circuit then set forth the standard lower courts must apply to determine whether, upon finding serious threats of retaliation, the remedies were in fact "unavailable."  The Court must find that "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust."  Id.  After adopting this new standard, the Eleventh Circuit then directed that Judgment in this case be vacated and the matter remanded to this Court.  On remand, the Court must first find facts regarding Plaintiff's allegations that Warden Meadows tore up his grievance and threatened to "transfer [him] so far south that [he] would never be able to see [his] family against till [he] got out of the Georgia Prison System."  If the Court's findings of facts reveal serious threats of retaliation, the Court must then apply the newly adopted standard to those facts.

In the Recommendation, the Magistrate Judge found credible Plaintiff's allegations concerning his attempts at exhaustion, as well as his recitation of the threats made by Defendant Meadows, and therefore found them to be fact.  The Magistrate Judge then applied the newly adopted standard to those findings of facts and concluded that the facts in this case satisfied the two conditions.  Consequently, the Magistrate Judge found that Plaintiff exhausted his available administrative remedies, and thus the action should not be dismissed on a failure to exhaust basis.  The Magistrate Judge also found that Plaintiff had stated a claim against Defendants Burnside, Ramsey, and Hinkle.  The Court does not disagree with these conclusions.

Defendants raise three objections to the Magistrate Judge's Recommendations.  The Defendants contend the Magistrate Judge (1) failed to make the required findings of fact, (2)

2

applied an incorrect legal standard, and (3) erroneously found Plaintiff's Amended Complaint stated a claim a Defendant Hinkle.

Defendants' assertion that the Recommendation is devoid of fact finding is mistaken. The Magistrate Judge recognizes at the outset that "the determination of this issue relies almost entirely upon the court's findings of fact as to plaintiff's allegations of a torn up grievance and a threat of transfer.  Realizing, however, that a statement of the court's findings only upon these contested issues would not sufficiently explain the undersigned's analysis, a more comprehensive review of the undersigned's decision is in order."  (Recommendation, p. 5.) After setting forth in detail the process of determining the issue of exhaustion, the Magistrate Judge plainly states that he "is not convinced that the defendants have met their burden with regard to the issue of exhaustion," and "accepts the plaintiff's allegations regarding the filing of a grievance, the destruction of the grievance, and threat of retaliation."  (Recommendation, p. 7.) Thus, the Magistrate Judge found Plaintiff's version of events as fact for the limited purpose of determining the exhaustion issue.  Thus, Defendant's objection that the Magistrate Judge did not properly fact-find is without merit.

Defendants also contend that the Magistrate Judge incorrectly applied the summary judgment standard to resolve the factual dispute regarding exhaustion.  This case is before the Court at the second stage of the two-step process courts must use to evaluate motions to dismiss based on a failure to exhaust defense.  See Turner, 541 F.3d at 1082.  Thus, this Court must not merely accept the Plaintiff's version of the facts as true, but the Court must make specific findings of fact to resolve the disputed factual issues related to exhaustion.  Id.  At this stage it is Defendants' burden to prove that Plaintiff has failed to exhaust his available administrative remedies.  Id.  Unlike at summary judgment where the Court must accept the facts in the light

3

most favorable to Plaintiff and cannot decide disputed issues of fact, weigh evidence, or determine credibility, at this stage of evaluating a motion to dismiss based on failure to exhaust, the Court must do exactly those things:  The Court must become the fact-finder and resolve the disputed issues of fact, weigh the evidence, and determine credibility to determine whether Plaintiff has exhausted his available administrative remedies.  Thus, in this case, the Court must determine whether Plaintiff's allegations that Warden Meadown destroyed his grievance and threatened him with transfer will be found as the facts.

In resolving this factual dispute, the Court agrees with the conclusion of the Magistrate Judge that Defendants have failed to meet their burden of demonstrating that Plaintiff failed to exhaust his available administrative remedies.  As Defendants admitted in a brief to this Court, "[u]nfortunately, the Court is faced with a 'he said/she said' situation as to whether the administrative remedies were available to Plaintiff." [Doc. 23, p. 3].   Like the Magistrate Judge, the Court finds that Defendants did not meet their burden and thus finds the facts in Plaintiff's favor.  Aside from the affidavit of Warden Meadows denying Plaintiff's allegations that he tore up the grievance and threatened Plaintiff with transfer, Defendants provided the affidavits of Kay Newsome, Plaintiff's grievance counselor, and Margie Spear, secretary to the Warden.   The affidavit of Margie Spear simply states that there is no record of a grievance having been filed by Plaintiff.  The lack of a record is unsurprising given Plaintiff's contentions that Warden Meadows destroyed the grievance form.  The affidavit of Kay Newsome states that she does not recall Plaintiff ever asking for or submitting any grievance form to her relating to an electric shock or related medical treatment.  This lack of recollection does not overcome Plaintiff's consistent allegations from the beginning of this suit that he did, in fact, submit the grievance form to Ms. Newsome.  In her affidavit, Ms. Newsome also states that she would have followed

4

the statewide grievance procedure had Plaintiff submitted a grievance form to her.  Part of that procedure would have been to give Plaintiff a receipt of his grievance.  Defendants contend that because Plaintiff has never provided a copy of any such receipt, it is evidence that Plaintiff never filed a grievance. Again, such lack of evidence does not overcome Plaintiff's allegations from the beginning of this action that Ms. Newsome told Plaintiff she would make a copy of the grievance form, which she never gave to him.  Thus, in weighing the evidence and making credibility determinations, the Court agrees with the Magistrate Judge and finds that Defendants did not meet their burden, and Plaintiff did exhaust his available administrative remedies.

Finally, Defendants contend that Plaintiff's Amended Complaint fails to state a claim against Defendant Hinkle.  Upon review of the Amended Complaint, the Court finds Defendants objections to be without merit.  The reasonable inferences include that Defendant Hinkle (1) was present at the time of Plaintiff's electrocution, (2) was aware of the substantial risk of Plaintiff's contact with the oven, and (3) failed to take reasonable steps to prevent Plaintiff's contact with the oven or render aide during or after the incident.  Thus, the Court agrees with the Magistrate Judge that further factual development is necessary and appropriate on Plaintiff's deliberate indifference claim against Defendant Hinkle, and it should not be dismissed for failure to state a claim.

**SO ORDERED**.  This 29th day of September, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

5

6