IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE B. TURNER,** | **CIVIL ACTION NO.** |
| Plaintiff, | 5:06-CV-00293-CAR-CWH |
| Vs. | |
| **HALE EDWARD BURNSIDE, ET AL;** | |
| Defendants. | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

Plaintiff, though his undersigned counsel, files this Response to Defendants' Motion to Exclude Expert Testimony of Richard Pearlstein, P.E. and shows to the Court as follows:

### EXPERT TESTIMONY OF RICHARD PEARLSTEIN, P.E. MEETS ALL REQUIREMENTS OF DAUBERT AND THE FEDERAL RULES OF EVIDENCE

The Defendants' have filed a Motion to Exclude Expert Testimony of Richard Pearlstein, P.E. on the grounds that his expert testimony does not meet the test of reliability of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.

Richard Pearlstein's qualifications having a Bachelors Degree in Electrical Engineering, being a Registered Professional Engineer in the State

1

of Georgia and being an electrical contractor and consultant demonstrates that he is imminently qualified to asses the cause and effect of the electrical shock that Willie Turner received from the 250 volt oven at Men's State Prison.

The Expert Report Richard Pearlstein demonstrates that he meets all the requirements of *Daubert*: (1) He is qualifies by education and experience with a Bachelors Degree in Electrical Engineering awarded by Georgia Institute of Technology, he certified by the State of Georgia as a qualified Registered Professional Engineer and actively engaged in the installation and maintenance of electrical appliances as a substantial electrical contractor and consultant; (2) the methodology of reviewing the Expert Report of Bruno Frazier as well as the giving his professional opinion to a reasonable degree of certainty of causes of the electrocution of Willie Turner by which he reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; (3) his testimony will assist the trier of fact to understand the evidence and to determine the fact through the application of his scientific, technical, and / or specialize expertise as to the cause of the electrocution of Willie Turner. Further the Expert Report of Richard Pearlstein meets the requirements of Federal Rules of Evidence, Rule 702 because: "(1) the testimony is based upon sufficient facts and data,

2

(2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the fact of the case."

### RICHARD PEARLSTEIN'S EXPERT REPORT AND TESTIMONY ILLUSTRATES THAT HE IS IMMINENTLY QUALIFIED UNDER *DAUBERT* TEST

The Defendant's Motion seeks to exclude Richard Pearlstein's Expert Report and testimony on the grounds that he is not qualified to give medical testimony but there is no contention that he cannot give his opinion of the electrical wiring degrading in the oven causing a short by a degraded wiring as well as a fault in the grounding that resulted in the substantial electrocution of the Plaintiff. With a degree in Electrical Engineering and as a Registered Professional Electrical Engineer and Electrical Contractor he would certainly have knowledge of the causes as well as the medical effects of electrical shock and electrocution.

The Eleventh Circuit in *McClain v. Metabolife Int'l, Inc.,* 401 F.3d 1233, 1238 (11th Cir. 2005) has instructed that, "experience in the field may offer another path to expert status", citing *United States v. Frazier*, 387 F. 3$^d$ 1244,, 1260 (11th Cir. 2004) and further emphasized, "in fact, the plain language of Rule 703 makes this clear: expert status may be based on 'knowledge, skill, experience, training, or education." *Id.*

It cannot be seriously contended that Richard Pearlstein as a degreed professional practicing electrical engineer is not qualified to diagnose that the probable cause of the electrocution of Willie Turner is degrading of the wiring in the oven that has not been properly maintained.

## RICHARD PEARLSTEIN'S METHODOLOGY IS RELIABLE UNDER THE TYPE OF INQUIRY MANDATED BY *DAUBERT*

Defendants' Motion argues that that Richard Pearlstein did not follow a scientific methodology when it is obvious that he did analyze the facts that Willie Turner received a severe electrical shock by the oven that was continually moved and had obvious wiring defects because it had to be hit with an object to get the oven to function. "You had to bump the control with your fist of hit it with your hand to get it back started up." (Depo. Willie Turner pg. 105.)   His methodology outlines various stresses that can cause the degrading the electrical circuits that it was frequently moved and subjected to thermal, mechanical and environmental stresses by being moved around and hosed down with water for cleaning. "Everything on the oven was never new. It's old, and when it got hot you want to heat the food up, because the oven's have a kill switch.  It got to cut off. It do not cut off. You set the time, it go out. If you don't trip the wire it will run forever.  All that stuff was all pieces. They just patched."(Depo. Mitchell Butler pg. 57)

4

He concludes from the fact that others had been frequently shocked by the over and the obvious fact that Mr. Turner received a severe shock when he grabbed the 250 volt oven and could not become free concluding with a reasonable degree of engineering certainly that the ground circuit had become degraded along its path from the source to the equipment and that the over had become shorted to a degraded live voltage source of the three phase 250 volt power source.  He points to the lack of proper maintenance and that all electrical equipment must be inspected and maintained for which there were no records as well as testimony concerning multiple complaints about being shocked by the oven and that in order to get the oven working it had to be hit.

Richard Pearlstein's expert report is consistent in explaining how he was electrocute is consistent with the fact that he was electrocuted as well as testified by eyewitnesses and the medical records. Eyewitness evidence shows that the plug had melted and the wall was blackened as well as the plug had been moved, due to the electrocution of Willie Turner. ""Pow that was it , When it hit him, his mouth, like steam or something came out of his mouth, because blood was coming out of his ears and his nose.", "I see black on the wall socket there where it cooked it, black on that wall." (Depo. of Mitchell Butler pgs 62-63). At the time of the incident the electrical


receptacle came through a conduit pipe at floor level. "it had melted together the wall, the whole receptacle had melted together" (Depo. of Willie Turner pg. 112)  After the electrocution of Willie Turner the receptacle was moved up on the wall.  "At the bottom, that was the old conduit pipe where the receptacle sit on, That pipe was there, and that's where the old outlets came on.  This all at the top was added to it after the incident. (Depo. of Willie Turner pg.79-80).

Richard Pearlstein's qualifications as a Professional Electrical Engineer, Consultant and Contractor demonstrate that he is qualified to testify and give his opinion as to the cause of the electrocution of Willie Turner. As stated in *Daubert*, the inquire is a flexible one, and its focus must be solely on principles and methodology, not on the conclusions that they generate. The Rules are to be "liberally construed" not "narrowly construed". Cross-examination, presentation of contrary evidence, etc., rather than wholesale exclusion, is the appropriate means by which evidence based on valid principles may be challenged.

As discussed in *Daubert*, it is the job of the trial judge to insure that the scientific …knowledge that the expert proposes to impart is admissible is

"relevant" and is based on a "reliable foundation". If this foundation is laid, then the next inquiry is to determine if the testimony will assist "the trier of fact to understand the evidence or to determine a fact at issue."

### RICHARD PEARLSTEIN'S TESTIMONY WILL ASSIST THIS COURT IN RULING ON DEFENDANTS' SUMMARY JUDGMENT MOTION

Plaintiff respectfully submits that Richard Pearlstein's affidavit and testimony, contrary to the Defendants' assertion, will assist this court in ruling on the Defendants' Motion for Summary Judgment and will greatly assist the Court in evaluating the Defendants' Expert Report which the Plaintiff in a concurrent Motion to Exclude the Expert Report of Bruno Frazier contends only contains half truths and totally ignores the common occurrence that electrical wires and connections degrade over time when continually are moved and flexed and are subjected daily to . The Expert Report of Richard Pearlstein should not be stricken, but considered as part of Plaintiff's evidence in opposition to Plaintiff's Response to the Defendants' Motion for Summary Judgment.

### CONCLUSION

Plaintiff submits that Richard Pearlstein's Expert Report and testimony should be considered by the Court in ruling on the Defendants' Motion to Exclude Expert Testimony and in Response to Defendants'

7

Motions for Summary Judgment and that the Court deny Defendants' Motion to Exclude Expert Testimony.

This 9th day of September, 2010.

Respectfully submitted,

*s/ McNeill Stokes*
McNeil Stokes
Georgia Bar No. 683600

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
Telephone: 404-352-2144
Facsimile: 404-367-0353
E-mail: mcstokes@bellsouth.net

8

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the date listed below that the foregoing Plaintiff's Response to Defendants' Motion to Exclude Expert Testimony was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

This 9th day of September, 2010.

                                                                                       */s/ McNeill Stokes*
                                                                                       McNeill Stokes
                                                                                       Georgia Bar No. 683600

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
(404) 352-2144
(404) 367-0353 fax