IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE B. TURNER,** | **CIVIL ACTION NO.** |
| Plaintiff, | 5:06-CV-00293-CAR-CWH |
| Vs. | |
| **HALE EDWARD BURNSIDE, ET AL;** | |
| Defendants. | |

### PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT OF BRUNO FRAZIER

Plaintiff, though his undersigned counsel, files this Motion to Exclude Expert Testimony of A. Bruno Frazier ("Frazier") and shows to the Court as follows:

### EXPERT TESTIMONY OF BRUNO FRAZIER DOES NOT MEET ALL REQUIREMENTS OF DAUBERT AND THE FEDERAL RULES OF EVIDENCE

The Defendants' Expert ignores that electrical circuits can be degraded without maintenance which amounts to junk science and does not meet the test of reliability of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.

Plaintiff does not question the qualifications of A. Bruno Frazier as having a PhD. in Electrical Engineering but methodology totally ignores the

1

obvious fact that electrical circuits may become shorted or opened commonly called degrading stresses. He assumes that the there were no defects in the ovens grounding circuits and goes through an analysis that the oven could not have shocked Willie Turner and others, he completely ignores that testimony that the oven had shocked others and that they had to hit the oven to get it to work as well as completely ignoring the fact that the oven wiring had been completely rewired after the accident and completely ignored the common knowledge that electrical circuits are shorted and are opened particularly when subjected to mechanical and environmental stresses ands can cause severe electrical shorts when grounding in addition to the fact that Willie Turner was electrically locked into the machine while stranding in three inches of water. "You had to bump it with your fist or hit it with your hand to get it back started up." "Maybe two, three inches (of water) because there's no drain system there and you had to sweep the waer out the back door" Depo. Willie Turner pg. 105 & 107, " They moved them, they patched them up. Paint over them and all that kind of crap," "Everything on the oven was never new. It's old, and when it got hot you want it to heat food up, because the oven's have a kill switch. It got to cut off. It do not cut off. You set the time, it go out. If you don't trip the wire it will run forever. All that stuff was all pieces. They just patched.", " He

2

made a statement said that the current, the thing is going to hold the juice, build up the current.  And when it gets to the side, released it you know, the oven. But he said then when he put and order, they won't buy what it takes to fix the oven.  That means he told Mr. Wright, I can go ahead and get it running but it's going to be straight wired, you know, you know, get your rough out of the way until we can see we get the part for it. Wright went to the log book and logged it down. Green log book right there." Depo. of Mitchell Butler pg. 36, 57, 109.

Bruno Frazier's report did not follow a scientific methodology when it is obvious that he did not analyze the fact that Willie Turner received a severe electrical shock by the oven that he ignores was continually moved and had to be hit to keep on.  His methodology does not state the various stresses that can cause the degrading the electrical circuits, he ignores the scientific obvious conclusion that Mr. Turner was shocked by the ground circuit had be degraded along its pass from the source to the equipment he further fails to conclude that the stresses that it was frequently moved and subjected to thermal, mechanical and environmental stresses by being moved around and hosed down with water for cleaning.  He ignores there was a gross of maintenance despite of the fact that there were multiple complaints about being shocked by the oven and that in order to get the oven

3

working it had to be hit. "After he sprayed the solution in the oven, I take the hose and wash it out" Depo. of Willie Turner pg. 128.

Bruno Frazier's expert report inconsistent with the fact that he was electrocuted as well as testified by eyewitnesses and the medical records. Eyewitness evidence shows that the plug had melted and the wall was blackened as well as the plug had been moved, due to the electrocution of Willie Turner. ""Pow that was it , When it hit him, his mouth, like steam or something came out of his mouth, because blood was coming out of his ears and his nose.", "I see black on the wall socket there where it cooked it, black on that wall." (Depo. of Mitchell Butler pgs 62-63). At the time of the incident the electrical receptacle came through a conduit pipe at floor level. "it had melted together the wall, the whole receptacle had melted together" (Depo. of Willie Turner pg. 112)  After the electrocution of Willie Turner the receptacle was moved up on the wall.  "At the bottom, that was the old conduit pipe where the receptacle sit on, That pipe was there, and that's where the old outlets came on.  This all at the top was added to it after the incident. (Depo. of Willie Turner pg.79-80).

### BRUNO FRAZIER'S TESTIMONY WILL NOT ASSIST THIS COURT IN RULING ON DEFENDANT'S SUMMARY JUDGMENT MOTION

4

Plaintiff respectfully submits that Bruno Frazier's affidavit and testimony, contrary to the Defendant's assertion, will assist this court in ruling on the Defendants' Motion for Summary Judgment His Expert Report and Testimony should be stricken, because it is deceptive and it ignores the obvious.

## CONCLUSION

Plaintiff submits that Bruno Frazier's Expert Report and testimony should be stricken by the Court in ruling on the Plaintiff's Motions for Summary Judgment and that the Court strike the testimony of Bruno Frazier.

This 9th day of September, 2010.

                              Respectfully submitted,

                              *s/ McNeill Stokes*
                              McNeil Stokes
                              Georgia Bar No. 683600

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
Telephone: 404-352-2144
Facsimile: 404-367-0353
E-mail: mcstokes@bellsouth.net

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the date listed below that the foregoing Plaintiff's Response to Defendants' Motion to Exclude Expert Testimony was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

This 9th day of September, 2010.

/s/ McNeill Stokes
McNeill Stokes
Georgia Bar No. 683600

1040 Peachtree Battle Ave.
Atlanta, Georgia 30327
(404) 352-2144
(404) 367-0353 fax

6