IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE B. TURNER, | : | |
| Plaintiff, | : | |
| | : | Case No.: 5:06-CV-293 (CAR) |
| v. | : | |
| | : | 42 U.S.C. §1983 |
| HALE EDWARD BURNSIDE, *et al.*, | : | |
| Defendants. | : | |

### *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is United States Magistrate Judge Charles H. Weigle's Recommendation [Doc. 72] to deny both parties' Motions to exclude expert testimony – Defendants' Motion to Exclude the Testimony of Richard Pearlstein, P.E. [Doc. 55] and Plaintiff's Motion to Exclude the Testimony of Bruno Frazier, Ph.D. [Doc. 62] – and to grant Defendants' Motion for Summary Judgment [Doc. 54]. Both parties have filed Objections [Docs. 74 & 75] to the Recommendation and responses to the Objections. Having considered all Objections and upon a *de novo* review of the record submitted by the parties, this Court agrees with the Magistrate Judge's conclusion that no genuine issues of material fact exist for trial, and therefore the Court finds the cross-motions to exclude expert testimony should be denied as moot. Therefore, the Recommendation [Doc. 72] is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 54] and **DENIES as moot** Defendants' Motion to Exclude the Testimony of Richard Pearlstein, P.E. [Doc. 55] and Plaintiff's Motion to Exclude the Testimony of Bruno Frazier, Ph.D. [Doc. 62].

In addition, Judge Weigle's Order denying Defendants' Motion for Sanctions [Doc. 73] is before the Court because Defendants filed an objection to that Order. For "a pretrial matter not dispositive of a claim or defense of a party," such as an order on a motion for sanctions, the district judge sets aside or modifies the order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also Salazar v. Wells Fargo Bank, N.A., 2011 WL 379145, *4 (S.D. Fla., Feb. 2, 2011) ("The [district] [c]ourt reviews the Magistrate Judge's decision to deny the motion for sanctions pursuant to the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)."). Having reviewed the Motion and objection thereto, the Court finds that Judge Weigle's Order is not clearly erroneous or contrary to law and therefore upholds the Order.

Motion for Summary Judgment

Plaintiff objects to Judge Weigle's Recommendation that Defendants' Motion for Summary Judgment be granted as to all of his claims, arguing genuine issues of material fact exist that preclude the Court from granting summary judgment for Defendants. The Court, however, agrees with the Recommendation that Plaintiff failed to create any genuine issue of material fact on his claims.

First, the Recommendation concludes that Plaintiff failed to present sufficient evidence to create a genuine issue of material fact that Defendants Wright and Hinkle were deliberately indifferent to the substantial risk of injury to Plaintiff by requiring him to operate a malfunctioning electrical oven and in failing to render aid when he was shocked. Plaintiff has not presented any new arguments in his Objection that the Recommendation does not adequately address. As to Defendant Hinkle, the record completely lacks evidence that he had anything to do with the incident except as Defendant Wright's supervisor.

2

As to Defendant Wright, having meticulously reviewed all of the evidence in this case, the Court agrees with the Recommendation's ultimate conclusion that there is insufficient evidence to show that Defendant Wright acted with *deliberate indifference*. The Recommendation construes the facts in the light most favorable to Plaintiff, assuming that Plaintiff was severely shocked by the oven. As explained in the Recommendation, the record contains evidence, from the testimony of Plaintiff and of fellow inmate Mitchell Butler, to indicate that Wright knew the oven was malfunctioning and that some inmates had previously received shocks from the particular oven at issue. Indeed, Plaintiff even testified that Defendant Wright himself had received a shock from the oven shortly before Plaintiff did. All of the evidence indicates, however, that these were only mild shocks. The record completely lacks any evidence to indicate that Wright knew there was an imminent threat of serious physical harm from the oven. Moreover, the facts according to Plaintiff do not support a finding that the risk of serious harm was so obvious that a jury could infer actual knowledge by Defendant Wright sufficient to satisfy this subjective component of the deliberate indifference standard. Cf. Hall v. Bennett, 379 F.3d 462 (7th Cir. 2004) (holding that genuine issues of material fact existed as to whether supervisors knew that inmate could suffer a severe electrical shock as a consequence of working on a live wire of elevated voltage without protective gloves; summary judgment evidence established that supervisors assigned the inmate the task of working on the circuit but denied him protective gloves).

Next, the Recommendation concludes that Plaintiff failed to identify evidence to create a genuine issue of material fact that Defendants Ramsey and Burnside were deliberately indifferent to Plaintiff's serious medical needs arising from the injuries he received from the electrical shock of the oven. As to Defendant Ramsey, the Court agrees that Plaintiff presented

3

no evidence to show that he exercised any direct or indirect control over decisions related to Plaintiff's medical care. As to Defendant Burnside, the Court agrees that Plaintiff's claim amounts, at most, to a claim of negligence. Plaintiff received extensive care for his alleged injuries. Plaintiff argues that Ramsey and Burnside were deliberately indifferent in failing to send him directly to the emergency room after he was shocked. The record, however, lacks evidence to show that Plaintiff's injuries were so obviously severe to warrant emergency room care.

Motions to Exclude Expert Testimony

Both Plaintiff and Defendants object to the Recommendation to deny their respective Motions to exclude the other party's expert testimony. Neither the Magistrate Judge in his Recommendation nor the Court in its analysis found it necessary to decide the motion for summary judgment based on the expert reports. Indeed, the Magistrate Judge and this Court assumed that there are genuine issues of material fact to indicate that Plaintiff received some shock from the oven. Having granted summary judgment in favor of Defendants without relying on either party's expert report, the Court hereby **DENIES** the parties' Motions to exclude testimony **as moot**.

Order on Motion for Sanctions

Defendants have also filed an objection to the Magistrate Judge's Order denying their motion for sanctions. Defendants sought to exclude the testimony of inmate Mitchell Butler based on their argument that Plaintiff's counsel had deliberately refused to disclose and provide Defendants a handwritten statement created by Butler's niece. Having reviewed all of the evidence, this Court agrees with the Magistrate Judge that the record does not support a finding that Plaintiff has, or ever had, possession of the document that Defendants are seeking. Thus,

4

sanctions are not warranted in this case.

Having reviewed all of the objections, the Court finds each to be without merit. Therefore, the Recommendation [Doc. 72] is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 54], **DENIES as moot** Defendants' Motion to Exclude the Testimony of Richard Pearlstein, P.E. [Doc. 55] and Plaintiff's Motion to Exclude the Testimony of Bruno Frazier, Ph.D. [Doc. 62], and **UPHOLDS** the Magistrate Judge's Order **DENYING** Defendants' Motion for Sanctions [Doc. 73].

**SO ORDERED,** this 30th day of March, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH